GASQUET, & AL. vs. JOHNSTON.

APPEAL from the court of the first district.

A confession of payment which will preclude the necessity of filing an answer, or forming the *contestatio litis*, can only be made by the defendant or one specially authorised to that effect.

PORTER, **J.** delivered the opinion of the court.   The defendant in this case, took a rule on the plaintiffs to show cause why the judgment rendered against him should not be set aside, on the ground of certain irregularities practised in obtaining it.   The

court below after hearing testimony, order-
ed the rule to be discharged.

The petition of appeal is " from a certain judgment rendered against him," the defendant. It has been contended that this appeal only brought the legality and correctness of the judges' decision in relation to the rule before us; that the merit of the original judgment could not be enquired into.

We think otherwise. The rule to show cause why the judgment should not be set aside, and the order of court discharging it, cannot be distinguished for the purpose for which we are now considering it, from the ordinary motion made for a new trial. An appeal from the judgment rendered in the latter case, has never been supposed an appeal solely from the decision, or an attempt to obtain a revision of it. The terms used in the petition of appeal, we think, apply more pertinently to the judgment rendered, than to an order to discharge a rule to show cause.

The case commenced by attachment, and an attorney was appointed to defend the absent debtor. The agent left the city du-

ring the summer months; pending his absence, a paper was forwarded by the defendant to another person, containing the following declaration. " I confess judgment on the following attachments." The first enumerated is that which was levied by the plaintiff in this suit.

The instrument concludes with an authorization to the sheriff of New-Orleans, to proceed forthwith to sell any goods in his possession to satisfy the attachments, and pay the amount over to the creditors or their agents.

On the same sheet of paper was a power of attorney to the counsel who had been appointed by the court, authorising him to sell or cause to be sold, the goods belonging to the principal, in the hands of the sheriff —to confess judgment on said attachments if necessary, and to do all other acts necessary to carry the power into effect.

This paper came to the individual to whom it was directed, during a sickness which terminated by his death After his decease, the person who was authorised to open his letters, on discovering the nature of the instrument, gave information of its

contents to the plaintiffs, and by their ad-
vice, and that of their attorney, he deposited
it in court.

Shortly after it was placed there, the
plaintiffs had judgment entered up on the
demand in the petition, on the ground of the
confession contained in the document al-
ready referred to. The instrument pur-
ported to be executed before a notary, in
Nashville, Tennessee, but owing to its not
being signed by witnesses, it had not the
force of an authenticated act; and testimo-
ny was called and heard, to establish the
verity of the defendant's signature.

The use which the plaintiffs made of the
confession or acknowledgment thus obtain-
ed, has been objected to as irregular and un-
authorised, and as giving them a preference
in obtaining judgment, contrary to the in-
tention of the debtor, who desired that all
his creditors should share alike in the goods
attached.

We think from the whole tenor of the act
that such was the defendant's intention, and
we are of opinion the judgment was irre-
gularly obtained. A technical confession
of judgment which will preclude the neces-

GASQUET & AL.
*vs.*
JOHNSTON.

sity of filing an answer, or forming the *con-testatio litis* can only be made by the defendant, or some one authorised by him to that effect. The document in the plaintiffs' hands, can be considered in no other light, than evidence of the debt claimed; and as such, it could only be used by them on the trial of the cause contradictorily with the defendant.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered and decreed, that this cause be remanded, to be proceeded in according to law, the appellee paying the costs of the appeal.